IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVEN L. WOMACK                                                    PETITIONER

v.                              Case No. 4:15-cv-00309 KGB

STATE OF ARKANSAS
OFFICE OF CHILD SUPPORT
ENFORCEMENT                                                        RESPONDENT

## ORDER

On January 8, 2015, the State of Arkansas, Office of Child Support Enforcement ("OCSE"), moved to intervene and to enforce child support against defendant Steven L. Womack in the Circuit Court of Pulaski County, Arkansas. *Womack v. Womack*, 60DR-98-1861 (Jan. 8, 2015). On June 1, 2015, Mr. Womack removed the state court case to this Court pursuant to 28 U.S.C. § 1443 (Dkt. No. 1). Before this Court is the OCSE's motion to remand (Dkt. No. 9). The OCSE contends that Mr. Womack failed to meet his burden of proof under 28 U.S.C. § 1443 and § 1446 (Dkt. No. 9). The Court grants the OCSE's motion to remand.

Under § 1443, a state court defendant may remove to a United States district court any civil action or criminal prosecution:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

The Supreme Court has held that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*,

384 U.S. 808, 824 (1966).  Accordingly, because Mr. Womack is not claiming to be a federal officer or agent, his right to removal must exist, if at all, under § 1443(1).

Removal under § 1443(1) must satisfy a two-pronged test.  First, it must appear that the right allegedly denied to the removal petitioner arises under a federal law "providing for specific civil rights stated in terms of racial equality."  *Georgia v. Rachel*, 384 U.S. 780, 792 (1966).  Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is "denied or cannot enforce" the specified federal rights in state court.  *Id.* at 794.  Under § 1443(1), "the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court."  *Peacock*, 384 U.S. at 828.  Section 1443(1) "has consistently been construed narrowly to require strict satisfaction of both the 'civil rights' element and the 'enforcement' element intrinsic within it."  *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983).

Here, under § 1443(1), Mr. Womack has not satisfied the first prong of the *Rachel* test.  Mr. Womack has not demonstrated that his claims arise under a federal law "providing for specific civil rights stated in terms of racial equality."  *Rachel*, 384 U.S. at 792.  Mr. Womack also fails to satisfy the second prong of the *Rachel* test.  Mr. Womack has not shown that any Arkansas law or policy prevents him from raising his federal claims or rights under the Constitution, as either defenses or counterclaims, in state court.  Mr. Womack does not show "how his civil rights, as they pertain to racial equality, would be denied in state court in the instate action that is in question."  *See Paris v. GMAC Mortg. Corp.*, No. CIVA 06CV01489 ZLW, 2006 WL 3201312, at *2 (D. Colo. Nov. 1, 2006).  Mr. Womack has presented no

evidence that the state court proceeding, which is subject to appellate review by other Arkansas courts, will inevitably result in a violation of Mr. Womack's rights under the Constitution. For these reasons, Mr. Womack does not satisfy the requirements for § 1443 removal. Mr. Womack does not claim that removal is proper under 28 U.S.C. § 1441, and the Court determines that it is not. *See* 28 U.S.C. § 1441 (allowing a defendant to remove any civil action brought in state court that alleges claims within the original jurisdiction of the United States district courts).

Even if the above requirements for § 1443 or § 1441 had been meet, Mr. Womack also failed to file timely notice of removal with this Court pursuant to § 1446(b)(1).

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Here, Mr. Womack's removal was untimely because the clock started to run when the initial motion to enter judgment was received by Mr. Womack on January 8, 2015. Mr. Womack filed the notice of removal on June 1, 2015, and does not argue that removability was first ascertainable at a later date. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 973 (8th Cir. 2011) (stating that, where the case stated by the initial pleading is not removable, the 30-day deadline is triggered when and if the removing party receives "a copy of an amended pleading, motion, order, or other paper from which it may first [have been] ascertained that the case is one which is or has become removable" (alteration in original)).

For the foregoing reasons, Mr. Womack's attempt to remove the state court action fails to meet the requirements of both § 1443 and § 1441 for removal jurisdiction in this Court. Mr. Womack also failed to file a timely notice of removal pursuant to § 1446. The Court grants OCSE's motion to remand and remands this case to the Circuit Court of Pulaski County. All

other pending motions are denied as moot (Dkt. Nos. 2, 3, 5, 7, 11).  The Court denies OCSE's request for attorneys' fees.

SO ORDERED this 30th day of July, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE